UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ANGEL CABRERA,

                Petitioner,

-against-

BUREAU OF PRISONS,

                Respondent.
------------------------------------------------------------ X

04 CV 4873 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

The petitioner Angel Cabrera ("Cabrera" or "petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 9, 2004. Petitioner claims that the Bureau of Prisons ("BoP") should have exercised its authority under 18 U.S.C. § 3585(b) to credit nineteen months against his sixty month sentence for making a false statement in violation of 18 U.S.C. § 1623, to which he pleaded guilty. Petitioner spent fifteen months in state custody on a murder charge, of which he was acquitted following a jury trial, before being taken into federal custody on charges relating to that murder and spending four months in federal detention before committing the crime for which he was ultimately convicted. For the reasons stated below, the court directs the respondent to file a brief with the court within seven (7) days addressing (1) whether petitioner has exhausted his administrative remedies now, and (2) whether petitioner is entitled to credit against his sentence for the four months served in federal custody or the fifteen months served in state custody.

1

## BACKGROUND[1]

Cabrera was alleged to have been associated with a violent narcotics organization that operated in Connecticut from 1997 through 2001. Cabrera was alleged to have been recruited to murder one of the organization's rivals, Marquis Young. Young was critically wounded in a drive-by shooting on July 1, 1999, and his companion, Derek Owens, was killed. Cabrera and another man were arrested in late 1999 on state charges of murder and assault relating to that shooting. They were tried jointly in Connecticut Superior Court in January 2001 and acquitted. Cabrera had spent approximately fifteen months in state custody, from October 18, 1999 to January 10, 2001.

On or about January 3, 2002, Cabrera was arrested in connection with federal charges involving the narcotics organization, including charges related to the July 1, 1999 shooting, under docket number 00 Cr. 263 (JCH). The third superseding indictment under that docket number charged him in three counts relating to the July 1, 1999 shooting and in no other counts. Cabrera moved for release pending trial. During a detention hearing on April 30, 2002, he testified that he had not been involved in the shooting and claimed that he had checked into a Motel 8 in Stamford, Connecticut the night of the shooting. The federal investigation had revealed, however, that Cabrera had checked into the Fairfield Inn in Fairfield, Connecticut shortly after the shooting occurred. The United States Attorney for the District of Connecticut thereafter filed a superseding information charging Cabrera with making a false statement in violation of 18 U.S.C. § 1623, under docket number 04 Cr. 10 (JCH).

---

[1] In addition to the materials submitted by the parties, the court has obtained a copy of the third superseding indictment under docket number 00 Cr. 263 (JCH) as well as the Waiver of Indictment, plea agreement, and judgment entered under docket number 04 Cr. 263 (JCH).

On or about January 20, 2004, petitioner entered a guilty plea to that superseding information. On April 14, 2004, Judge Hall sentenced him to sixty months' imprisonment and three years of supervised and imposed a $100 special assessment. Acknowledging that Congress had granted the BoP the authority to award credit for time served under 18 U.S.C. § 3585(b), Judge Hall recommended that the BoP give Cabrera credit for the time he served in state custody on the related charges. Tr. of Apr. 14, 2004 Sentencing at 55-56. At sentencing, the Assistant United States Attorney moved "pursuant to the plea agreement . . . to dismiss the third superseding indictment against [Cabrera] only." Id. at 58-59. As noted, Cabrera had been charged in three counts of that indictment, all relating to the July 1, 1999 shooting.

Cabrera filed the instant habeas petition on November 9, 2004. While Cabrera concedes that he had not exhausted his administrative remedies at that point, Petitioner's Letter Brief of July 1, 2005 at 5, it appears that he may have exhausted those remedies now.

## DISCUSSION

The determination whether a defendant should receive credit against his sentence for time served is properly left to the Bureau of Prisons. United States v. Montez-Gavira, 163 F.3d 697, 700-01 (2d Cir. 1998). A district court cannot apply section 3585(b) when sentencing, because computing "the credit must occur after the defendant begins his sentence." United States v. Wilson, 503 U.S. 329, 333 (1992); Werber v. United States, 149 F.3d 172, 179 (2d Cir. 1998) ("After a defendant is sentenced, it falls to the BOP, not the district judge, to determine . . . whether the defendant should receive credit for time spent in custody before the sentence commenced.") (citations and internal quotation marks and punctuation omitted). Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time a

defendant has served, and a prisoner must exhaust his administrative remedies before seeking relief in the district court pursuant to 28 U.S.C. § 2241. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999) ("Once administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination, by filing a habeas petition under 28 U.S.C. § 2241."); Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994) (per curiam); Villanueva v. United States, 346 F.3d 55, 63 (2d Cir. 2003) (noting that section 2241 is the appropriate vehicle for challenging the execution of a sentence).

In accordance with the regulations governing the BoP, an inmate must first attempt informal resolution of his complaint. 28 C.F.R. § 542.13. If the complaint cannot be resolved informally, the inmate may submit to the warden a formal written Administrative Remedy Request. Id. § 542.14. If the inmate's request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BoP. Id. § 542.15. An inmate may appeal an unfavorable result to the General Counsel of the BoP. Id. While petitioner has conceded that he had not exhausted his administrative remedies when he filed the instant petition, it appears that he may have subsequently exhausted those remedies. Moreover, petitioner has represented to the court that he would file a new petition were to the court to dismiss the instant one for failure to exhaust administrative remedies. The court thus instructs the respondent to submit a brief addressing whether petitioner has now exhausted the administrative remedies provided by the BoP.

The BoP has refused to exercise its authority under 18 U.S.C. § 3585(b) to credit against petitioner's sentence for perjury the four months he spent in federal custody from January 3, 2002 until April 30, 2002, the date on which petitioner made the false statement resulting in his conviction. The BoP relies on section 3585(b)(1), which states that "[a] defendant shall be given

4

credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—as a result of the offense for which the sentence was imposed." The BoP concluded that, because petitioner was held on charges under 18 U.S.C. § 1959 between January 3, 2002 and April 30, 2002, and was sentenced for a violation of 18 U.S.C. § 1623, he may not receive credit under section 3585(b)(1) against his sentence for the four months he spent in federal custody preceding the commission of the crime to which he ultimately pleaded guilty. The record of the federal proceeding makes clear, however, that petitioner's guilty plea to a one count information charging him with a violation of section 1623 was entered in satisfaction of the charges he faced under section 1959. Transcript of April 14, 2004 Sentencing at 58-59 ("[P]ursuant to the plea agreement which we discussed at some length, the government formally now moves to dismiss the third superseding indictment against [Cabrera] only."). The court sees no reason why, at a minimum, the four months petitioner spent in federal custody pursuant to the third superseding indictment under docket number 00 Cr. 263 (JCH) should not be credited against his sentence under docket number 04 Cr. 10 (JCH). If respondent has a different position, it should provide the court with relevant citations and legal analysis in its brief.

Finally, the court finds it to be less clear whether petitioner should receive credit against his sentence for the time spent in state custody on related charges. At least one decision of the Second Circuit indicates that while a defendant is guaranteed the right to receive credit for pretrial federal detention, the BoP may "award credit for time spent in state detention pending trial on subsequently dismissed state charges that arose out of the same incident for which the prisoner was convicted in federal court." United States v. Payton, 159 F.3d 49, 61-62 (2d Cir.

5

1998) (citing <u>United States v. Moore</u>, 978 F.2d 1029, 1030-31 (8th Cir. 1992)). The court is aware of no authority vesting the BoP with discretion to make credit determinations under section 3585(b) rather than simply the authority to make calculations in accordance with established law. In the instant case, however, the court is aware of no precedent or other authority explicitly requiring the BoP to credit time spent in state custody on related charges not resulting in conviction. The court thus directs respondent to address this issue with relevant citations and legal analysis in its brief.

## CONCLUSION

In accordance with the foregoing, the court directs respondent to submit a brief within seven days addressing whether: (1) petitioner has now exhausted his administrative remedies; (2) petitioner is entitled to receive credit for the four months he spent in federal custody in light of the fact that his plea to the perjury charge was in satisfaction of the charges on which he was detained during that four month period; and (3) petitioner is entitled to credit for the fifteen months spent in state custody in light of the fact that the state charges arose out of the same incident for which the prisoner was convicted in federal court and that time has been credited to no other sentence.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: July 19, 2005
      Brooklyn, New York

6

SERVICE LIST:

>Attorney for Petitioner
>John Thomas Walkley
>Law Office of John T. Walkley
>450 Monroe Turnpike
>Suite 101
>Monroe, CT 06468
>
>Attorney for Respondent
>Jo Ann Maria Navickas
>United States Attorneys Office
>147 Pierrepont Plaza
>Brooklyn, NY 11201