UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

ANGEL CABRERA,

                Petitioner,

   -against-

BUREAU OF PRISONS,

                Respondent.
----------------------------------------------------------------- X

04 CV 4873 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

By order dated July 19, 2005, the court directed respondent to address whether the petitioner Angel Cabrera ("Cabrera" or "petitioner") had exhausted his administrative remedies and whether he was entitled to receive credit against his sentence from the Bureau of Prisons ("BoP") under 18 U.S.C. § 3585(b) for four months he spent in federal custody and fifteen months he spent in state custody. As recounted in the court's previous order, Cabrera was prosecuted on state charges of murder and assault. He spent approximately fifteen months in state custody before being acquitted after trial. Cabrera was thereafter charged in a federal RICO indictment. The three counts in which he was charged related solely to the incident for which he was prosecuted by the state. Cabrera spent four months in federal custody on those charges before making a false statement during a detention hearing, in violation of 18 U.S.C. § 1623. Cabrera ultimately pled guilty to that offense, under docket number 04 Cr. 10 (JCH), in satisfaction of the indictment that had been filed under docket number 00 Cr. 263 (JCH). At sentencing, the Assistant United States Attorney moved "pursuant to the plea agreement . . . to

1

dismiss the third superseding indictment against [Cabrera] only." Tr. of Apr. 14, 2004 Sentencing at 58-59.

While petitioner had not exhausted his administrative remedies at the time he filed his habeas petition, the respondent acknowledges that petitioner has now done so, and petitioner has represented that he would file a new petition were the instant one to be dismissed for failure to exhaust administrative remedies. The court thus deems the instant petition to have been properly filed as petitioner has now exhausted his administrative remedies. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999) ("Once administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination, by filing a habeas petition under 28 U.S.C. § 2241."); Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994) (per curiam); Villanueva v. United States, 346 F.3d 55, 63 (2d Cir. 2003) (noting that section 2241 is the appropriate vehicle for challenging the execution of a sentence).

The BoP has declined to exercise its authority under 18 U.S.C. § 3585(b) to credit against petitioner's sentence for perjury the fifteen months he spent in state custody pending trial on assault and murder charges and the four months he spent in federal custody from January 3, 2002 until April 30, 2002, the date on which petitioner made the false statement resulting in his conviction. The BoP relies on section 3585(b)(1), which states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—as a result of the offense for which the sentence was imposed." The BoP concluded that, because petitioner was held on charges under 18 U.S.C. § 1959 between January 3, 2002 and April 30, 2002, and was sentenced for a violation of 18 U.S.C. § 1623 committed on April 30, 2002, he may not receive credit under section 3585(b)(1)

2

against his sentence for the four months he spent in federal custody preceding the commission of the crime to which he ultimately pled guilty. While the record of the federal proceeding makes clear that petitioner's guilty plea to a one count information charging him with a violation of section 1623 was entered in satisfaction of the charges he faced under section 1959, Transcript of April 14, 2004 Sentencing at 58 59, it is also clear that the BoP applied section 3585(b)(1) in accordance with its plain meaning. Petitioner spent four months in federal custody pursuant to the third superseding indictment under docket number 00 Cr. 263 (JCH) before he committed the crime of which he was convicted and for which he was ultimately sentenced under docket number 04 Cr. 10 (JCH). Simply put, for purposes of section 3585(b)(1), petitioner was not in official detention because of the false statement charge until April 30, 2002, the date of the offense. As a result, petitioner is not entitled to credit under the statute for any time spent in federal or state custody before he committed the offense for which sentence was imposed. By contrast, petitioner is clearly entitled to credit for the time spent in federal custody between April 30, 2002, the date of his offense, and the date judgment was entered. Petitioner has apparently received credit against his sentence for that time in official custody.

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. No certificate of appealability is granted with respect to petitioner's claims, since the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/s/ Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: August 3, 2005
       Brooklyn, New York

SERVICE LIST:

Attorney for Petitioner
John Thomas Walkley
Law Office of John T. Walkley
450 Monroe Turnpike
Suite 101
Monroe, CT 06468

Attorney for Respondent
Jo Ann Maria Navickas
United States Attorneys Office
147 Pierrepont Plaza
Brooklyn, NY 11201